## PETTIS v. BREWSTER.

1. Where a tenant is proceeded against as holding over, and he files a counter-affidavit denying the tenancy, he may be charged with double rent for the time he held over, up to the date of the trial, although nothing is said of rent in the plaintiff's affidavit to obtain the warrant. The statute annexes this incident to a wrongful holding over.

2. Although when double rent is allowed no interest can be computed, yet a charge to the contrary will not justify a new trial where it is manifest from the evidence and the verdict that no interest was allowed by the jury.

3. The jury having allowed the full value of the improvements actually made, any error in the charge of the court on that subject was immaterial. There was no error in denying a new trial.

April 23, 1894. Argued at the last term.  *Judgment affirmed.*

Dispossessory warrant. Before Judge SMITH. Twiggs superior court. April term, 1893.

The affidavit for the warrant alleged, that Brewster was the owner of the land described, which he rented to Pettis for 1889, that Brewster desired possession, which had been demanded after the expiration of the term of renting, and that Pettis refused to deliver the same. By counter-affidavit Pettis denied that he held the land by lease or rent or at will or sufferance from Brewster or any one holding under him. By amendment he alleged, that he went into possession under contract of purchase; that the land was useful only for farming, and it was necessary to expend much money for repairs to houses and fences, clearing land, etc., which improvements he made by direction of Brewster's agent who assured him he would not lose the same; and he asked to recoup their value against the claim for rent. The jury found for the plaintiff $371 rent, and the premises. Defendant's motion for a new trial was overruled. The motion alleged, in addition to the general grounds, that the court erred in admitting testimony of Pettis that the land was worth about $240 a year for rent, over objection of his counsel that the affidavit on which the warrant was based did not allege any amount which the land was worth for rent; that the court erred in charging the jury that plaintiff would be entitled to recover interest on whatever amount was found to be double the amount the land was worth for rent; and further erred in charging that before defendant could

.set off the value of improvements against the demand for rent, the parties must have agreed as to the kind of improvements to be made and the amount to be expended therefor, except such improvements as were necessary to protect crops.

L. D. Moore, for plaintiff in error
W. E. Simmons and A. C. Pate, contra.