### 34502. REID *v.* ANDERSON.

WORRILL, J. Paul H. Anderson obtained a judgment by default against Charlie Reid in the Municipal Court of Augusta on October 27, 1951. A fi. fa. issued and was levied on certain property of the defendant on March 21, 1952. To that levy Reid filed an affidavit of illegality, which was later voluntarily dismissed by the defendant. Thereafter, and on June 17, 1952, the defendant presented to the trial judge and had signed by him a rule nisi on a motion to set aside the judgment. The pleading was denominated a *motion,* styled like the main case, the judgment in which it was sought to have set aside, bore the same docket number, and as grounds therefor set forth that, while the record in the case

showed that the defendant was served, the defendant, in fact, was not served, did not waive service, and never voluntarily appeared, or filed plea and answer, and had no knowledge of the proceeding against him. The plaintiff filed general and special demurrers to the motion which the trial court sustained and entered an order dismissing the motion. The exception here is to that judgment. *Held:*

A motion to set aside a judgment made after the term at which it was rendered must be based on some defect appearing on the face of the record. *Regopoulas* v. *State,* 116 *Ga.* 596 (1) (42 S. E. 1014); *Jackson* v. *Jackson,* 199 *Ga.* 716 (2), 720 (35 S. E. 2d 258). The motion here clearly does not seek to set the judgment aside for any defect appearing on the face of the record, but for a fact extraneous of the record (namely, the lack of the service shown by the record), which it would be necessary for the defendant to prove by aliunde evidence in order to prevail in the motion. The motion was not made at the term at which the judgment sought to be set aside was rendered, but was made on June 17, 1952, which was during the May, 1952, term of the court and some seven terms after the October, 1951, term, at which the judgment was rendered. Ga. L. 1951, pp. 3345, 3353. For this reason at least, the trial court did not err in sustaining the general demurrers and in dismissing the motion to set aside the judgment.

*Judgment affirmed. Sutton, C. J., concurs, and Felton, J., concurs specially.*

FELTON, J., concurring specially. I concur in the judgment because the levying officer was not made a party to the proceeding which controverted the truth of his return.

DECIDED MAY 27, 1953.

*Nicholson & Fleming,* for plaintiff in error.
*Heard Robertson, Bussey & Hardin,* contra.