. 34490, 34846. MITCHELL v. EXCELSIOR SALES & IMPORTS, INC. et al. (two cases).

BOWLES, Justice.

Appellees Jerome Saul and Suzanne S. Saul are the owners of a building in Augusta, Georgia, which they leased to Excelsior Sales & Imports, Inc., under a written lease with an option to purchase. Excelsior is a corporation owned and controlled by Mr. and Mrs. Saul. The lease was assigned by Excelsior to appellant Jack Mitchell, who accepted the assignment and expressly agreed to perform all of the conditions of the lease.

The lease provided that, "all improvements which are made to the premises which are fixtures and attached to the walls shall remain a part of the premises after the term of the lease," and, "[A]ll alterations, additions and improvements made by the lessee shall remain upon and be surrendered with the premises as part thereof at the termination of the lease."

On April 24, 1978, the Sauls and Excelsior filed a complaint in Richmond Superior Court alleging that the lease was to expire by its terms on May 1, 1978, and that appellant Mitchell was about to remove certain fixtures from the premises in violation of the terms of the lease.

They prayed that a temporary and permanent injunction issue, enjoining appellant from removing the fixtures and improvements specified in the lease and assignment. By amendment, on May 2, 1978, appellees asked the court to evict appellant from the premises.

In his answer, appellant argued that it would be unconscionable to enforce those provisions of the lease which required all fixtures of the leased premises to be surrendered with the premises on the ground that appellant had spent a considerable sum of money making leasehold improvements. He denied that he was vacating the building or removing any fixtures therefrom. In the same pleading, appellant counterclaimed asking that the lease-option agreement be reformed and that title to the property be decreed to be in appellant. Appellant claimed he was fraudulently induced to sign the lease-option agreement by appellee Saul's material misrepresentations that the purchase contemplated was a credit sale, to be effectuated by appellant's assumption of a mortgage on the premises. Appellant prayed for a reformation of the lease-option agreement to allow for a credit sale.

Appellees filed a motion for summary judgment which was granted by the trial court on October 20, 1978, enjoining Mitchell from removing the fixtures from the premises. Right of possession of the premises was also granted to appellees Saul.

On February 22, 1979, appellant Mitchell was found to be in criminal contempt of the October 20, 1978 order. He appealed from each order, and they have been consolidated for review by this court.

1. Appellant contends that material misrepresentations were made to him by appellee Jerome Saul, prior to the signing of the lease, leading him to believe that the terms of the option to purchase contained in the written lease were in the form of a credit transaction rather than a cash transaction. The fraud in the inducement alleged in appellant's counterclaim was misrepresentation of the amount of outstanding indebtedness on the building, which appellant alleges he agreed to assume as payment for title to the building.

The record shows that appellant was represented by

counsel in the negotiation for the assignment of the lease-option contract; appellant executed the assignment contract with his attorney present; appellant was not prevented by artifice or fraud from reading the contract he signed.

A reading of the option contract contained in the lease conclusively shows that a cash transaction was contemplated. There is no allusion to credit or terms of any kind. No reference to the mortgage held by the Citizens & Southern National Bank appears in the writing. The only evidence of an agreement for a credit sale is appellant's testimony.

Appellant, in his answer and counterclaim, was asking the court to vary the terms of the lease, based on his parol testimony that an agreement entered into by the parties before execution of the instrument provided for a credit transaction. This is not permitted under Georgia law. Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument. Code Ann. § 38-501. All negotiations entered into prior to or contemporaneously with the execution of a written contract are merged into the written contract. *Simmons v. Wooten,* 241 Ga. 518 (246 SE2d 639) (1978) and cits.

We find the trial court was correct in granting appellees' motion for summary judgment. All prior agreements and negotiations were merged into the final written contract. Appellant has alleged no fraud which would have prevented him from reading the merged agreement before signing it. There was no legal basis for the reformation of the lease-option agreement. Appellant was bound by the terms of the written agreement. He failed to exercise the option to purchase, and was a tenant subject to dispossessory proceedings on May 1, 1978, the last day of his term.

2. On December 19, 1978, Richmond Superior Court entered an order giving appellees immediate possession of the premises, based upon the failure of appellant to file a supersedeas bond and to pay rent as required by previous orders of the court. Appellant's right, if any, as a tenant to remain in possession was contingent upon compliance with these orders. Code Ann. §§ 61-304, 61-306, 6-1002.

Where the appellant tenant failed to pay into court the rent and failed to post supersedeas bond as required by the order of the lower court, the court properly entered its order giving appellees immediate possession. *Mountain Hardwoods & Pine, Inc. v. Coosa River Sawmill Co.,* 233 Ga. 414 (211 SE2d 712) (1975).

Under the facts, any issue as to appellant's right to possession of the premises has become moot.

3. Appellant was permanently enjoined by order of the superior court from removing "all alterations, additions and improvements made by said Jack Mitchell to said premises and further all fixtures that are attached to said building, including, but not limited to the bar, ceilings, walls, floor covering (carpeting), stage, air conditioning units and accessories thereto, lights and fixtures, shelves and plumbing, doors and walls." The evidence presented to the trial court showed that appellant removed those items he was specifically ordered not to remove and that he vandalized certain parts of the remaining fixtures in the building. The trial court was, under the evidence, authorized to find appellant in wilful contempt of its October 20, 1978, order and order sanctions under Code Ann. § 24-2615 (5).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

34490, SUBMITTED JANUARY 26, 1979; 34846, SUBMITTED APRIL 27, 1979 — DECIDED JUNE 20, 1979.

*Christopher G. Nicholson,* for appellant.
*Jay M. Sawilowsky,* for appellees.