## 59163. LEVERETTE v. MORAN.

BIRDSONG, Judge.

This was a dispossessory proceeding filed by Moran against Leverette, the appellant.

The affidavit made by Moran's agent on December 4, 1978, states on oath that "Leverette . . . is in possession as tenant under rental agreement [of certain premises of Moran] . . . and said tenant fails to pay the rent now due thereon, and after . . . lawful notice to vacate said . . . premises, refuses the demand for possession . . . and Affiant makes this affidavit pursuant to Title 61-301 of the Code of Georgia. Plaintiff herein . . . prays for . . . $_____ and all other costs of this proceeding." The affidavit was filed in the Justice of the Peace Court on December 12, the same day Leverette filed his answer by affidavit, but Leverette was not requested to pay rents into the registry of the court pursuant to Code §§ 61-303 and 61-304. On January 2, 1979, Moran filed a motion to strike Leverette's answer on grounds that the merits of the case could not be determined within thirty days. The prayers of the motion were "(a) that [Leverette] be ordered to pay into the registry of this Court, instanter, the amount of $600.00, *or; (b) that Defendant's Answer be stricken and a Writ of Possession be issued, instanter.*" (Emphasis supplied.) On January 5, Leverette, without counsel, appeared at the hearing on the motion; he refused to pay $600 into the registry of the court. Writ of possession was granted instanter. On January 7, Leverette vacated the premises.

On January 10, Moran filed an amendment seeking $650 rent due and $1,500 for damages to the premises which she alleges she discovered after Leverette vacated. Nothing further appears in the record until the order of January 22, granting judgment to Moran for $2,150 with interest and costs, for rent owed and damages. The order states that the "case [came] on regularly to be heard" and Leverette did not appear. Seven months later, Leverette through counsel, made a motion to set aside the judgment for non-amendable defects on the face of the record, the denial of which he appeals. Leverette contends it was error to allow Moran to amend after the writ of possession

issued on January 5; error to grant $1,500 ex delicto damages to Moran without a jury hearing, in violation of Code § 81A-155; and error to refuse to set aside the January 22 judgment for rent and damages, for non-amendable defects on the face of the record. *Held:*

The trial court erred in refusing to set aside the January 22 judgment for non-amendable defects appearing on the face of the record, even though the motion was filed in a subsequent term of court. *Carolina Tree Serv. v. Cartledge,* 96 Ga. App. 240, 241 (99 SE2d 705); *Reid v. Anderson,* 88 Ga. App. 298, 299 (76 SE2d 541). The non-amendable defect appearing on the record is that the January 22 money judgment was void, as it was not issued on a suit then pending, but was issued on a suit in which final judgment had already been obtained.

When writ of possession issued against Leverette in this case, the process was at an end. Moran, in her affidavit for proceeding against tenant holding over, averred that "the tenant fails to pay the rent now due" and that she had made demand for possession, but she did not allege an amount due and made no demand for any rent due, and made no prayer for judgment in any amount. The allegation that the rent was unpaid was, in the context of this affidavit, nothing more than Moran's cause of action for the writ, the gist of her complaint for eviction. *Carter v. Sutton,* 147 Ga. 496 (2) (94 SE 760); and see *Lamar v. Sheppard,* 84 Ga. 561, 569 (10 SE 1084); and *Healey Real Estate &c. Co. v. Wilson,* 74 Ga. App. 63, 65 (38 SE2d 747). Title 61-3, as amended in 1970 and 1971, does intend for all related claims between the landlord and the tenant to be determinable in the dispossessory proceeding (Code §§ 61-303; 61-305(a)); and it intends specifically to enable the landlord to collect the rent due him, but he must ask for it.

It is true that under Code § 61-303 if, after the landlord files his affidavit or petition for possession, the tenant fails to answer, the landlord is "entitled to verdict and judgment by default for all rents due . . . *as if every item and paragraph of the affidavit . . . were supported by proper evidence . . .*" (Emphasis supplied.) But if there is no "item or paragraph" demanding or even stating an amount due as rent, there is nothing to prove for

judgment. And if, for example, the tenant had failed to answer to the complaint demanding possession but alleging no amount of rent due and making no prayer for the same, then a default judgment provided in Code § 61-303 could not have issued for anything but the possession demanded (Code § 81A-154 (c)), and this is so even though Title 61-3 clearly intends that rent be *recoverable* in the proceedings.

In this case, the landlord Moran asked for possession and nothing else. The defendant's answer in December, 1978, admitted his failure to pay December rent, but, in defense of the demand for possession, claimed he refused to pay "in hopes that the plaintiff would hear my pleas for repairs." The landlord's motion to strike this answer could not have been properly granted (see *Mountain Hardwoods & Pine v. Coosa River Sawmill Co.,* 233 Ga. 414, 415 (211 SE2d 712)), but it was proper to hear the landlord's prayer for $600 to be paid into the registry of the court "*or*" immediate writ of possession (*Crymes v. Crymes,* 148 Ga. App. 299 (251 SE2d 155)). The prayers of the motion to strike cannot be construed as an amendment for· a rent judgment because it asked only that Leverette be required to pay $600 into the court registry "or" that writ of possession issue immediately. Thus, the payment of $600 must be considered as the equivalent of a bond payable by the tenant Leverette authorizing him continued possession pending the determination of the right to possession. The defendant Leverette refused to pay $600 into the court registry, thereby "submitting without contest" to all that Moran demanded. *Dempsey v. Ellington,* 125 Ga. App. 707 (188 SE2d 908). Immediate writ of possession issued, thus ending the only controversy. It is true that generally the tenant's failure to pay into the registry determines only his right to remain on the premises pending determination of the other issues (*Mountain Hardwoods,* supra) and Code § 61-303 gives the parties a right to "a trial of the issues"; but in this case the only issue was possession. When the writ issued on January 5, the landlord had gotten all she asked for. The process was at an end. The amendment on January 10, seeking $650 rent and $1,500 damages, was not proper, for there was no suit

pending and nothing to amend.

The case cited by appellee Moran, *Lamar v. Sheppard,* supra, does not hold otherwise, where it says that the affidavit need not state the amount of rent due and unpaid. That case was one under the old dispossessory proceedings, which did not provide for a judgment for rent due; the question in the case was the sufficiency of the affidavit to allege a case for *possession* on the grounds of rent not paid. We are familiar, too, with *Pettis v. Brewster,* 94 Ga. 527 (19 SE 755), which held that a tenant could be charged with the double rent penalty up until the time of trial, although nothing was said of rent in the landlord's affidavit. That decision, however, is based on the landlord's right under the former law to recover double rent as an incident to the right of possession and as a penalty against the tenant for wrongfully withholding possession (see *Hamilton v. McCroskey,* 112 Ga. 651 (37 SE 859)). In *Pettis,* the amount of the rent due was admitted in evidence at the trial, where the tenant was in appearance and where the issue of possession was determined, and the evidence went only to establish the double rent penalty which was assessed for wrongful withholding of possession.

It having been error to enter the judgment of January 22 for rent moneys and damages, and error to refuse to set aside that judgment, we find it unnecessary to determine whether $1,500 ex delicto damages could be included in the judgment without the intervention of a jury.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED
MARCH 11, 1980.

*William F. Lozier,* for appellant.
*Robert T. Romeo,* for appellee.