65253. OFFICENTERS INTERNATIONAL CORPORATION OF ATLANTA v. INTERSTATE NORTH ASSOCIATES.

SHULMAN, Chief Judge.

Appellee filed this dispossessory action against appellant on November 23, 1981. Neither the affidavit for writ of possession nor a subsequent amendment made any demand for relief other than "removal of the said defendant together with his property from said premises." After hearing on December 18, 1981, the trial court ordered appellant to pay into the registry of the court by December 21 alleged past due rent totaling $340,370.17 as a condition to appellant's continued possession pending final determination of the right to possession. Appellant failed to pay this sum by the date ordered, and on December 31 the trial court issued a writ of immediate possession, which was executed on January 7, 1982.

Subsequent to the issuance of the writ of possession, both parties filed various motions and initiated discovery. However, on February 11, 1982, the trial court issued an order denying all pending motions and vacating all rulings made after December 31, 1981, on the ground that the only issue in the case at the time the writ was issued concerned appellee's claim for immediate possession. The trial court reasoned that the action was finally adjudicated with the issuance of the writ, since no issue remained for adjudication. See *Leverette v. Moran,* 153 Ga. App. 825, 827 (266 SE2d 574).

Appellant took an appeal from that order to the Supreme Court, raising several questions concerning the constitutionality of Code Ann. § 61-304 (OCGA § 44-7-54) and its application in this case. The

Supreme Court transferred the case to this court without opinion.

We agree with appellee that the trial court's order of February 11, 1982, was correct. The affidavit accompanying the dispossessory warrant stated an amount of past due rent but "made no demand for any rent due, and made no prayer for judgment in any amount. The allegation that the rent was unpaid was, in the context of this affidavit, nothing more than [appellee's] cause of action for the writ, the gist of [its] complaint for eviction." *Leverette,* supra, p. 826. "It is true that generally the tenant's failure to pay into the registry determines only his right to remain on the premises pending determination of the other issues ... but in this case the only issue was possession. When the writ issued on [December 31, 1981], the landlord had gotten all [it] asked for. The process was at an end. The [subsequent proceedings] ... [were] not proper, for there was no suit pending and nothing [on which to proceed]." Id., pp. 827, 828. See also *Mitchell v. Excelsior Sales & Imports,* 243 Ga. 813 (2) (256 SE2d 785).

The trial court's order of February 11 correctly determined that the December 31 writ constituted the final judgment in this action. This court lacks jurisdiction to review the merits of that final judgment, since no appeal was taken within 30 days of its entry. Code Ann. § 6-803 (a) (OCGA § 5-6-38 (a)); *Stonecypher v. White,* 161 Ga. App. 473 (289 SE2d 829). Furthermore, pursuant to *Mitchell,* supra, p. 816, "any issue as to appellant's right to possession of the premises has become moot."

*Judgment affirmed. Quillian, P. J., Deen, P. J., Banke and Birdsong, JJ., concur. McMurray, P. J., Carley, Sognier and Pope, JJ., dissent.*

DECIDED MARCH 11, 1983 —
REHEARING DENIED MARCH 30, 1983 —

*W. Kent Bishop, Shane M. Geeter,* for appellant.
*William N. Withrow, Jr., Ralph H. Greil, Nancy O. Ewing,* for appellee.

CARLEY, Judge, dissenting.

I respectfully dissent from the majority's decision to affirm the trial court's order of February 11, 1982, which order held that the proceedings in this case were, in effect, terminated on December 31, 1981 with the issuance of a writ of possession. The trial court and the majority in this case primarily rely upon *Leverette v. Moran,* 153 Ga. App. 825 (266 SE2d 574) (1980). The facts of this case are different from those in *Leverette* and therefore the holding in *Leverette* is not

dispositive of the issue with which we are faced. The affidavit seeking the writ of possession filed in *Leverette* had absolutely no allegation or averment whatsoever dealing with past due rent. In the case sub judice, there was added to the form affidavit the following language: "and that defendant is indebted to Plaintiff for past due rent in the total amount of $340,370.17." Although in February of 1982 the trial court decided that the writ of possession entered in December of 1981 terminated all issues, the findings and conclusions which form the predicate for the very writ of possession referred to clearly indicate to the contrary. In the order containing the findings of fact and conclusions of law with regard to the trial court's determination of the amount of rent to be paid into the registry of the court pursuant to Code Ann. § 61-304, the trial court stated as follows: "The Court's findings herein relating to the amount of rent owed to Plaintiff by Defendant and the substantial completion of the premises by Plaintiff were based on the evidence presented at the above-described hearing, and do not constitute a final determination of these issues, which are expressly reserved for determination by a jury." The defendant did not pay the $340,370.17 as ordered by the court within the short time allotted and, therefore, a writ of possession was issued and executed. However, during the interim between the entry of writ of possession on December 31, 1981 and the February 11, 1982 order which is the subject of this appeal, both parties filed motions, pursued discovery and obtained various orders from the court. It is my opinion that the record in this case clearly shows that the December 31, 1981 order resolved, at most, the issue of possession and that all other issues remain for further determination. Accordingly, I would reverse the judgment of the trial court and remand the case for resolution of those issues.

I am authorized to state that Presiding Judge McMurray, Judge Sognier and Judge Pope join in this dissent.