72960. DIPLOMAT RESTAURANT, INC. et al. v. ANTHONY.
(349 SE2d 284)

BANKE, Chief Judge.

This is a dispossessory action initiated by the appellee, as landlord, against the Diplomat Restaurant, Inc., as tenant holding over. On July 2, 1985, the trial court granted a motion by the appellee landlord for an order requiring the tenant to make rental payments into the registry of the court in the amount of $4,000 per month. Subsequently, on September 20, 1985, the trial court granted a motion by Isadore Dramer and others to intervene in the case as defendants so as to enable them to protect a security interest which they held in the property by virtue of the tenant's written assignment of the lease to them. The intervenors filed both an answer and a counterclaim pursuant to this order.

Rent was duly paid into the registry of the court through November of 1985, but the rental payment due for the month of December was not timely made. Consequently, on December 4, 1985, the court issued a writ of possession in favor of the appellee. On March 31, 1986, the appellee filed a motion in limine asserting that the issuance of the writ of possession had rendered the issue of possession moot and that the evidence allowed at trial should consequently be limited to that which was pertinent to the issue of damages. The trial court granted this motion and, based on a determination that none of the parties intended to pursue their claims for damages, went on to dismiss the action in its entirety. The tenant and intervenors filed this appeal. *Held*:

1. The trial court was correct in its conclusion that the issuance of the writ of possession precluded any further litigation over the issue of which party was entitled to possession. This court has previously held that the issuance of a writ of possession in a dispossessory action, based on a tenant's failure to comply with the terms of an

interim order requiring the payment of rent into the registry of the court, constitutes a final judgment in the case where no claim for damages remains to be tried. See *Officenters Intl. Corp. v. Interstate North Assoc.*, 166 Ga. App. 93 (303 SE2d 292) (1983); *Leverette v. Moran*, 153 Ga. App. 825 (266 SE2d 574) (1980); *Golden Key Restaurant &c. v. Key Mgt. Corp.*, 137 Ga. App. 251 (1) (223 SE2d 284) (1976).

We reject the appellants' contention that the issuance of a writ of possession based on the violation of such an interim order resolves nothing more than the issue of which party is entitled to possession pending trial. The applicable statute, OCGA § 44-7-54 (b), provides that if the tenant fails to make any rental payment into the registry of the court as it becomes due then "the court shall issue a writ of possession and the landlord shall be placed in *full possession* of the premises. . . ." (Emphasis supplied.) The grant of a mere temporary right of possession pending further litigation would be virtually worthless to the landlord in most cases, in that his ability to re-let or otherwise make use of the premises for such an indefinite period would be slight.

2. The appellants contend that the trial court's interim order, which required payment of rent into the registry of the court on the first business day of each month, was defective in that it materially altered the terms of the lease, which specified that the tenant would not be considered in default of its obligation to pay rent until 30 days after receiving notice that rent was past due. The lease provision in question clearly did not extend the date on which rent was to be considered due but merely qualified the landlord's right to institute dispossessory proceedings against the tenant based on a failure to pay rent. Pursuant to OCGA § 44-7-54 (a) (1), a tenant is required, once dispossessory proceedings have been initiated, to pay rent into the registry of the court "as it becomes due." The court's order altered neither the amount nor the due date of the rental payments called for by the lease. Consequently, this enumeration of error is without merit.

3. The appellants contend that the appellee's motion in limine was in effect a motion for summary judgment and that, in granting it and dismissing the case, the court violated their right, pursuant to OCGA § 9-11-56 (c) and Rule 6.2 of the Uniform Rules for Superior and State Courts, to have at least 30 days to respond to the motion. This contention is without merit. The court's order did not purport to be a decision on the merits with respect to any issue in the case but was simply a determination that the issuance of the writ of possession had foreclosed any further litigation with respect to the right of possession. The appellants do not dispute the correctness of the trial court's determination that none of the parties wished to pursue their

damage claims. Consequently, it is clear that nothing remained to be tried and that dismissal of the case was appropriate under the circumstances.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 29, 1986.

*John G. Despriet, Rodney Ruffin,* for appellants.
*Gary M. Goldsmith,* for appellee.