## 77755. MITCHAM v. REESE.
(379 SE2d 637)

CARLEY, Chief Judge.

Appellee-lessor instituted a dispossessory action, alleging appellant-lessee's nonpayment of rent. Appellant answered and counterclaimed for damages allegedly caused by appellee's failure to make requested repairs to the premises. Appellee subsequently filed a motion to compel appellant's payment of rent into the registry of the court. See OCGA § 44-7-54 (a) (1) and (2). The trial court granted appellee's motion and, when appellant thereafter failed to comply with the trial court's order, a writ of immediate possession was issued. A jury trial resulted in a verdict in favor of appellee on her claim for unpaid rent and a verdict in favor of appellant on his counterclaim. Appellant appeals from the judgments entered on the jury's verdicts.

1. At trial, appellant moved for a directed verdict as to the issue of appellee's right of possession. The trial court's denial of appellant's motion is enumerated as error.

Appellee's right of possession was not an issue at the jury trial. The trial court's previous issuance of a writ of possession based upon appellant's failure to comply with the order requiring the payment of rent into the registry of the court "precluded any further litigation over the issue of which party was entitled to possession." *Diplomat Restaurant v. Anthony*, 180 Ga. App. 431 (1) (349 SE2d 284) (1986). The only issues remaining for jury trial were appellee's claim for unpaid rent and appellant's counterclaim for damages for failure to make repairs. Appellant enumerates no error with regard to these issues. Likewise, appellant enumerates no error with regard to the trial court's issuance of an immediate writ of possession pursuant to OCGA § 44-7-54 (b). "Where the appellant tenant failed to pay into court the rent . . . , the court properly entered its order giving [appellee] immediate possession. [Cit.] Under the facts, any issue as to appellant's right to possession of the premises has become moot." *Mitchell v. Excelsior Sales & Imports*, 243 Ga. 813, 816 (2) (256 SE2d

785) (1979). The trial court did not err in denying appellant's motion for a directed verdict.

2. Appellant's remaining enumerations of error have been considered and found to be without merit.

*Judgments affirmed. Sognier, J., concurs. Deen, P. J., concurs in judgment only.*

DECIDED MARCH 10, 1989.

*Mark T. Sallee*, for appellant.
*Arrington & Horne, Stanley E. Foster*, for appellee.