A91A0981. KELLEY v. DAUGHERTY.
(410 SE2d 759)

MCMURRAY, Presiding Judge.

Plaintiff filed a dispossessory action against defendant seeking possession of certain leased premises and past due rent. Defendant answered and counterclaimed. He alleged he was no longer a tenant of plaintiff because he exercised an option to purchase the property.

Plaintiff moved for a writ of possession which the trial court granted on March 1, 1990, on the ground that defendant did not pay any rent into the registry of the court. Following a motion for rehearing by plaintiff and a motion to set aside by defendant, the trial court determined that the order awarding the writ of possession "was properly supported by the evidence." Accordingly, on April 11, 1990, the trial court ordered defendant to remove his personal belongings from the premises.

On April 23, 1990, the trial court certified its April 11, 1990, ruling for immediate review. We granted defendant's application for an interlocutory appeal. *Held:*

1. Plaintiff moves to dismiss the appeal on the ground that defendant failed to obtain a certificate of immediate review within ten days of the order entered on April 11, 1990. The motion is denied. The tenth day following the entry of the April 11, 1990, order was April 21, 1990, a Saturday. Accordingly, defendant had until April 23, 1990, the following Monday, to obtain a certificate of immediate review. OCGA § 9-11-6 (a).

2. The trial court did not determine the amount of rent due and

it did not order defendant to pay rent into the registry of the court. Inasmuch as the amount of rent due was (and remains) in controversy (defendant takes the position that no rent is due), the trial court should have determined the amount of rent due and ordered defendant to pay such rent before issuing a writ of possession for nonpayment of rent. OCGA §§ 44-7-53 (b) and 44-7-54. See generally *Mitchell v. Excelsior Sales & Imports*, 243 Ga. 813, 815 (2) (256 SE2d 785); *Diplomat Restaurant v. Anthony*, 180 Ga. App. 431 (1) (349 SE2d 284).

The trial court erred in issuing the writ of possession without first determining the amount of rent due and ordering defendant to pay the rent into the registry of the court.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991.

*James P. Brown, Jr.*, for appellant.
*Edward G. Renehan*, for appellee.