A98A1725. ATLANTA J'S, INC. et al. v. HOUSTON FOODS, INC.

(514 SE2d 216)

RUFFIN, Judge.

Houston Foods, Inc. sued Atlanta J's, Inc. (AJI) and Horace Bradford for amounts allegedly due under a lease agreement. AJI and Bradford moved for summary judgment, arguing that the claim was barred by res judicata. The trial court denied the motion, and we granted defendants' application for interlocutory appeal. Because plaintiff's claim is barred by res judicata, we reverse the trial court's

order.

On January 26, 1989, defendants and Carl Brackin entered into a ten-year lease agreement with plaintiff for certain commercial property in Clayton County. On December 26, 1990, plaintiff filed this action in the Superior Court of Henry County, seeking to recover amounts allegedly due under the lease, including rent, property taxes, insurance premiums, and certain amounts resulting from construction change orders.[1]

On July 28, 1992, while this litigation was pending, plaintiff notified defendants that the lease was terminated effective August 6, 1992. On August 19, 1992, plaintiff filed a dispossessory action against defendants in magistrate court in Clayton County. In that action, plaintiff asked for issuance of a writ of possession, but expressly noted that it did not seek recovery of past due rent because that was the subject of other litigation. On October 27, 1992, the magistrate court issued a writ of possession, but it issued no order regarding the recovery of past due rents or any other amounts due under the lease.

After the issuance of the writ of possession, defendants amended their answer in the present case to assert the defense of res judicata. Defendants moved for summary judgment on this ground, arguing that plaintiff could have asserted claims for past due rent and other amounts due under the lease in the dispossessory action. The trial court denied the motion for summary judgment, and this appeal followed.

The doctrine of res judicata is codified in OCGA § 9-12-40, which provides that

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

"Res judicata prevents plaintiffs from asserting claims arising from the same transaction piecemeal or presenting only a portion of the grounds on which relief is sought and leaving the rest for a second suit if the first fails." *Mobley v. Sewell*, 226 Ga. App. 866, 868 (487 SE2d 398) (1997).

"Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their

---

[1] Brackin was also named as a defendant, but he was apparently not served with the complaint and is not a party to this appeal.

privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866 (1) (463 SE2d 5) (1995). The adjudication on the merits must constitute a "final judgment upon the matter in question" for res judicata to apply. *Costanzo v. Jones*, 200 Ga. App. 806, 810-811 (2) (b) (409 SE2d 686) (1991). Because there was clearly an identity of parties between this case and the dispossessory action, the remaining questions for this appeal are (1) whether the magistrate court was a court of competent jurisdiction, (2) whether the writ of possession constituted a final judgment on the matter in question, (3) whether the writ of possession constituted an adjudication on the merits, and (4) whether there was an identity of the cause of action.

1. *Court of competent jurisdiction.* Plaintiff argues that the magistrate court was without jurisdiction to consider the issues raised in this case. Plaintiff notes that, under subsection 5 of OCGA § 15-10-2, the magistrate court has jurisdiction over "[t]he trial of civil claims . . . in which exclusive jurisdiction is not vested in the superior court and the amount demanded or the value of the property claimed does not exceed $5,000.00." Because the amount of past due rent and other items at issue in this case exceeds $5,000, plaintiff argues that the magistrate court had no jurisdiction to consider this issue.

This contention is without merit, as subsection 5 is not the exclusive basis for jurisdiction in the magistrate court. Subsection 6 provides a separate basis for jurisdiction, stating that the magistrate court has jurisdiction over "[t]he issuance of summons, trial of issues, and issuance of writs and judgments in dispossessory proceedings and distress warrant proceedings as provided in Articles 3 and 4 of Chapter 7 of Title 44." OCGA § 15-10-2 (6). This basis for the magistrate court's jurisdiction is separate and independent from subsection 5. Nothing in the statute suggests that, where the magistrate court acquires jurisdiction under subsection 6, the extent of such jurisdiction is circumscribed by the $5,000 limitation set forth in subsection 5. Indeed, the Code specifically contemplates that judgments in dispossessory actions may exceed $5,000. See OCGA § 15-10-50 (g) (providing that post-judgment discovery procedures of OCGA § 9-11-69 apply in cases involving "judgments in dispossessory or distress warrant proceedings . . . in which the judgment exceeds the amount of $5,000.00"). Accordingly, where the magistrate court acquires jurisdiction under subsection 6, the $5,000 limitation of subsection 5 is inapplicable.[2]

Under subsection 6, the magistrate court has jurisdiction over

---

[2] Although the Attorney General reached the same conclusion in an unofficial advisory opinion issued in 1988, see Op. Atty. Gen. U88-18, that is not the basis of our decision.

the "trial of issues" and "issuance of . . . judgments in dispossessory proceedings . . . as provided in Articles 3 and 4 of Chapter 7 of Title 44." OCGA § 15-10-2 (6). Under OCGA § 44-7-55 (a), "judgment [in a dispossessory action] shall be entered against the tenant for *all rents due* and for *any other claim relating to the dispute*." (Emphasis supplied.) Thus, the magistrate court in this case clearly had jurisdiction to enter judgment for all amounts due under the lease, regardless of whether such amounts exceeded $5,000.

2. *Final judgment.* The next question that we must consider is whether the issuance of the writ of possession constitutes a "final judgment" of the magistrate court. "A judgment is final when it disposes of the entire controversy, leaving nothing for the trial court to do in the case. The effect of a judicial act and not the trial court's characterization of it determines whether it is a final judgment." (Citation omitted.) *Levingston v. Crable*, 203 Ga. App. 16, 18 (416 SE2d 131) (1992).

The only relief requested by plaintiff in the magistrate court was the issuance of a writ of possession, and plaintiff expressly declined to seek judgment for any amounts due under the lease. Accordingly, the issuance of the writ of possession disposed of the entire case in magistrate court, leaving nothing further for the court to do. As such, the writ constituted a final judgment in the dispossessory action. See *Diplomat Restaurant v. Anthony*, 180 Ga. App. 431-432 (349 SE2d 284) (1986) (issuance of writ of possession constitutes final judgment in dispossessory action where no claim for damages remains to be tried in such action); *Officenters Intl. Corp. v. Interstate North Assoc.*, 166 Ga. App. 93-94 (303 SE2d 292) (1983) (writ of possession constitutes final judgment in dispossessory action where no demand for damages made in such action); *Leverette v. Moran*, 153 Ga. App. 825, 826-827 (266 SE2d 574) (1980) (same). Compare *Costanzo*, supra, 200 Ga. App. at 810-811 (issuance of writ of possession did not constitute final judgment where issue of past due rent was raised but not ruled on in dispossessory action and thus remained pending).

3. *Adjudication on the merits.* We next consider whether the judgment in the magistrate court constitutes an adjudication on the merits as to plaintiff's claim for amounts due under the lease. In *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 110 (498 SE2d 255) (1998), the Supreme Court considered the issue of "what constitutes an 'adjudication on the merits' for res judicata purposes." It held that

> an "adjudication on the merits" does not require that the litigation should be determined on the merits, in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and

managed their respective cases. Thus, it is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is valid.

(Citations and punctuation omitted.) Id.

OCGA § 44-7-55 (a) provides that "judgment [in a dispossessory action] *shall* be entered against the tenant for all rents due and for any other claim relating to the dispute." (Emphasis supplied.) The statute "intend[s] for all related claims between the landlord and the tenant to be determinable in the dispossessory proceeding." (Punctuation omitted.) *Twin Tower Joint Venture v. American Marketing &c. Corp.*, 166 Ga. App. 364, 366 (1) (304 SE2d 493) (1983). At the time the dispossessory action was instituted, the lease had already been terminated by plaintiff. Thus, plaintiff clearly could have pursued a claim for past due rents and other amounts due under the lease in the dispossessory action, but elected not to do so. Under *Woelper*, therefore, the final judgment of the magistrate court operated as an adjudication on the merits of such claim for purposes of res judicata.

4. *Identity of cause of action.* In the present case, plaintiff sought to recover various amounts allegedly due under the lease, including unpaid rent, property taxes, insurance premiums, and amounts for construction change orders. Each of these items constituted amounts for which plaintiff could have obtained judgment in the dispossessory action pursuant to OCGA § 44-7-55 (a). Accordingly, there is an identity of cause of action between the two cases. See *CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 220 Ga. App. 394, 396-397 (2) (469 SE2d 466) (1996).

5. *Pendency of simultaneous actions.* The fact that plaintiff had asserted its claim for amounts due under the lease in this action, which was pending at the time of the final judgment in the dispossessory action, does not prevent the application of res judicata.

The doctrine of res judicata may be applied where actions between the same parties in relation to the same subject-matter are pending at the same time, and a judgment is rendered in one of such actions. It is immaterial whether the action in which the judgment is interposed as an estoppel was commenced before or after the action in which the adjudication was made. This rule is not affected by the failure to plead the pendency of the latter action.

(Punctuation omitted.) *Darling Stores Corp. v. Beatus*, 199 Ga. 215

(4) (33 SE2d 701) (1945).

"Res judicata prevents plaintiffs from asserting claims arising from the same transaction piecemeal or presenting only a portion of the grounds on which relief is sought and leaving the rest for a second suit if the first fails." *Mobley*, supra, 226 Ga. App. at 868. By electing to divide its claims into two separate actions, and seeking separate relief in each action, plaintiff ran the risk that a judgment in one action would operate as a bar to the other action. Because the claims asserted by plaintiff in the present suit were barred by the doctrine of res judicata, the trial court erred in denying defendants' motion for summary judgment. See *Taylor v. Bennett*, 260 Ga. 20, 21 (389 SE2d 242) (1990).

*Judgment reversed. Beasley, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 3, 1999 —
RECONSIDERATION DENIED APRIL 1, 1999.

*Schreeder, Wheeler & Flint, David H. Flint, Lynn C. Stewart, Oliver, Duckworth, Sparger & Winkle, G. Robert Oliver*, for appellants.
*Steven H. Ballard*, for appellee.