32566. HOLDEN *v.* ROYAL MANUFACTURING COMPANY INC.

DECIDED JULY 14, 1949.   REHEARING DENIED JULY 28, 1949.

*Miller & Head,* for plaintiff.

*Osgood O. Williams, Earle Norman,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ If the motion of the plaintiff's counsel be considered as one merely to declare the case in default under Code (Ann. Supp.), § 110-406, it is obvious that it is without merit. That statute authorizes the court to enter judgments upon "civil cases founded on unconditional contracts in writing." A judgment could not have been entered on the lease contract in accordance with this statute, as the case is not an action on the lease, but is one to recover the premises.

Counsel for the plaintiff did, however, in his oral motion, rephrase the same and ask that the court strike and dismiss the

counter-affidavit on the ground that it is not responsive to the affidavit on which the dispossessory warrant is based.

It is alleged that the tenant is holding over beyond the term for which said premises were leased, etc. The counter-affidavit in this respect states that "the term of lease has not expired, and it is not holding possession over and beyond its term."

While the counter-affidavit does not expressly and in so many words deny the allegation in the first affidavit "that the tenant fails to pay the rent now due on said realty and premises," yet the counter-affidavit does contain the following: "Said Royal Manufacturing Company Inc. has not violated its lease in any manner whatsoever, and said Royal Manufacturing Company Inc. is legally in possession of the described premises under said lease."

The lease is not set up either in the original affidavit or the counter-affidavit. However, reference is made to it in both. Therefore, any obligation to pay rent must be by virtue of the lease. If the terms of the lease have in no way been violated, the rent could not be past due, and while the denial of this allegation is such that on special demurrer amendment could probably be required, it is not subject to general demurrer or oral motion to strike. For a discussion of when an oral motion to strike is the proper remedy and when a special demurrer must be interposed in a dispossessory-warrant proceeding, see *Ralls* v. *E. R. Taylor Auto Co.*, 202 *Ga.* 107 (42 S. E. 2d, 446), and cases there cited.

■ The plaintiff further contends that the trial court erred in directing a verdict for the defendant, in that this was a violation of his right, under Code § 61-301, which provides as follows: "In all cases where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him, or shall fail to pay the rent when the same shall become due . . the owner . . may go before . . any justice of the peace and make oath to the facts."

The evidence disclosed that the plaintiff and the defendant had entered into a ten-year lease, providing for rental of $75 per month for the years 1945 through 1949, and $100 per month from January, 1949, through June, 1955. A letter dated June 2, 1948, from the plaintiff to the defendant was introduced and contained

the statement that "rental will be strictly required to be paid precisely on its due date, the first of each month hereafter."

On January 1, 1949, the due date, the defendant mailed to the plaintiff its check for $75, which the landlord returned and forthwith sued out a dispossessory warrant on January 4, 1949. Tender of the full rental of $100 was made on the same day and refused, and thereupon the counter-affidavit was made.

Paragraph 3 (b) of the lease contract is as follows: "If tenant shall fail to pay the rent as provided for in paragraphs 2A and B hereof, landlord may demand payment in writing by registered mail addressed to tenant at Tiglhman and Jordan Streets, Allentown, Pa., and tenant shall have ten days from the date of said notice in which to pay all sums due under said lease agreement and upon failure to make such payment or payments within said ten-day period, landlord shall have the right to declare said lease void, cancel the same and take possession of the premises, but said cancellation shall not relieve tenant from the payment of all past due sums." The plaintiff contends that the use of the word "may" as applied to the landlord's notice means simply that he may give such notice if he so desires, but that this agreement imposes no obligation upon him to do so, and does not bar him from the remedy given him under the Code of suing out a dispossessory warrant for non-payment of rent.

Properly construed, the provision of the lease set forth herein means that, if the landlord desires to repossess his premises when the rent is in arrears, which he may or may not do, he must demand payment in writing by registered mail addressed to the tenant at Tiglhman and Jordan Streets, Allentown, Pa. The tenant then has ten days from the date of such notice in which to pay the rent. If he fails to do so, the landlord then has the right to declare the lease void, cancel it, and proceed to recover the premises.

In *Mutual Life Ins. Co.* v. *Durden,* 9 *Ga. App.* 797 (2) (72 S. E. 295), this court held that "a person may lawfully waive the benefit of a statutory provision where the rights of third persons are not involved, unless such waiver violates public policy." The Code section upon which the plaintiff relies is one providing an additional right or benefit to landlords as a class, and whether or not the landlord wishes to waive this benefit is a matter pure-

ly within his discretion. Once he has done so, he cannot thereafter complain that he is being deprived of a right conferred on him by statute. For other examples of a valid waiver of the provisions of this Code section, see *Guptill* v. *Macon Stone Supply Co.*, 140 *Ga.* 696 (79 S. E. 854), and *Hicks* v. *Beacham*, 131 *Ga.* 89, 92 (62 S. E. 45).

*Sinclair Refining Co.* v. *Giddens*, 54 *Ga. App.* 69 (187 S. E. 201), relied upon by the plaintiff as an authority requiring a different conclusion from that here reached, is distinguishable by the fact that in that case the tenant was operating a service station which constituted the leased premises, and the rental was a percentage of the sales made by him. He had there breached his contract by ceasing to operate the business. It was there held that, although the lease provided that, in the event the lessee shall be in default in the payment of the rent, or otherwise, and shall remain in default after 30 days after notice in writing from the lessor to the lessee of such default, the lessor shall have the privilege of terminating the lease and declaring it at an end, the landlord could proceed to dispossess the tenant without awaiting that period because the tenant had already breached the lease in a matter so substantial and fundamental as to defeat its purpose. The construction of the lease controls this case as a matter of law and, there being no issue of fact for determination by the jury, the trial court properly directed a verdict for the defendant.

It follows that the judgments of the trial court overruling the plaintiff's motion to dismiss and the amended motion for a new trial are without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*