## 56890. BURGER KING CORPORATION v. GARRICK et al.

Banke, Judge.

This is a dispossessory proceeding, initiated by the appellant, based on the appellees' alleged failure to pay rent. The appellees paid all the the back rent alleged to be

due into the registry of the court and, pursuant to court order, also paid the monthly rental payments into the registry of the court as they became due. These payments were transferred to the appellant, so that at the time of trial the appellees owed no back rent. However, pursuant to a "Lease and Restaurant Operating Agreement" executed by the parties, the appellees were obligated to pay, in addition to rent, all taxes due on the premises, contributions for advertising and sales expenditures, and royalties on gross sales. In the event the appellees failed to make these payments, the appellant was authorized to terminate the lease by giving 30 days notice.

At trial, the appellant presented evidence that the appellees owed $3,773 in back taxes, $15,156 in advertising contributions, and $12,164 in royalties. In addition, the appellant presented evidence that the appellees were liable for $5,154 on a promissory note and for $66,357 for goods sold and delivered. The jury returned a verdict finding the appellee liable for the $5,154 claimed under the promissory note but found in favor of the appellees on each of the appellant's other claims. The trial court entered a judgment on this verdict and also granted a writ of possession. On appeal, the appellant contends that the findings in favor of the appellees on the additional claims were in conflict with the uncontroverted evidence. *Held:*

Code Ann. § 61-305 (a) (Ga. L. 1970, pp. 968, 971), dealing with proceedings against tenants holding over, provides: "If, on the trial of the case, judgment is against the tenant, judgment shall be entered against the tenant for all rents due and for any other claim relating to the dispute." Under this Code section, the appellant was clearly authorized to sue for any contractual liability relating to the termination of the lease. However, it did not do so. The affidavit which the appellant executed to initiate the proceeding pursuant to Code § 61-301 alleged only that the appellees had failed to pay rent in the sum of $2,249 and that they were holding over beyond the term for which the premises were leased. When the appellant began to introduce evidence as to the other claims, counsel for the appellees objected as follows: ". . . I am going to object to that because the affidavit does, in fact, deal solely

with the nonpayment of rent and that is what we are in here prepared to deal with." The trial judge responded: "That is my interpretation of it, but if he wants to go into all these other things, I am going to let him go into it, but to me it means that he is subject to reversal, but if that is what he wants, that is what I will do."

"When issues not raised by the pleadings are tried *by express or implied consent of the parties,* they shall be treated in all respects as if they had been raised in the pleadings. . . If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. . ." Code Ann. § 81A-115 (b) (Emphasis supplied.) Since the appellees in this case made a clear objection to the evidence of the additional claims, it cannot be said that these claims were tried with the appellee's express or implied consent. Thus, in the absence of an amendment to the pleadings, the trial court was not authorized to admit this evidence or to enter judgment for any of the claims based on it. Accord, *Dunn v. McIntyre,* 146 Ga. App. 362 (1) (246 SE2d 398) (1978). It follows that the jury's failure to find the appellees liable for the back taxes, advertising contributions, royalties, and the assumpsit claim did not harm the appellant, since a contrary verdict would not have been authorized under the pleadings. Of course, the entry of judgment in favor of the appellant on the promissory note was also unauthorized under the pleadings; but, since the appellant has not enumerated this action as error, it will remain undisturbed.

*Judgment affirmed. Deen, C. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 14, 1978 — DECIDED MARCH 1, 1979.

*Redfern, Butler & Morgan, Rex M. Lamb, III, E. Lee Redfern,* for appellant.

*Clayton Sinclair, Jr.,* for appellees.