## 58632. LANTZ et al. v. WHITE et al.

QUILLIAN, Presiding Judge.

The plaintiffs appeal from a judgment rendered in a dispossessory proceeding. The order in question contained the following findings of facts: "The plaintiffs in this case are a landlord filing a dispossessory warrant against the defendants. In addition to possession, the plaintiffs pray 'for past rent in the amount of $175.00 plus $50.00 late charge and bound [sic] check charge plus $15.00 previous dispossessory costs, plus all costs of Court.' Prior to the filing of the dispossessory warrant, the plaintiffs wrote a letter to the defendants on February 28, 1979, stating 'This is your official notice pursuant to the terms of your lease that the management does not wish to renew your lease at its termination on March 31, 1979. Therefore, we expect you to vacate the apartment on or before that date.'

"The evidence further shows that the defendants moved from the apartment on March 18th and returned the keys to the plaintiffs on March 20th. The plaintiffs retained a $100.00 security deposit which the defendants had paid earlier and the defendants stated that they did not seek the return of their security deposit as they felt it would be applied to rent for the month of March."

Based on those facts the trial judge entered these conclusions of law: "The Court holds that as the defendants were given the options 'to vacate the apartment on or before that date' (March 31, 1979) that this was an offer to the defendants to move before the expiration of the lease and to pay rent for the month of March only during the period that the apartment was occupied during the month of March. Even though the defendants moved on March 18, 1979, the plaintiffs did not receive possession of the apartment until the 20th. Therefore, the defendants owe rent for 20 days in March, in the sum of $112.90, less credit for the $100.00 security deposit placed by them. Therefore, judgment is ordered in favor of the plaintiffs and against the defendants in the sum of $12.90 plus court costs for this action.

"The Court holds that the $50.00 for late charges cannot be collected in this action for 2 reasons; (1) To do so would be to make the defendants pay a penalty which

would be against the law of the state of Georgia and (2) Further, the Court rules as a matter of law that a dispossessory warrant can be used only for 2 purposes, i.e., to dispossess a tenant, and/or, to collect rent, but, it cannot be used to collect any other type of damages." *Held:*

1. We agree with plaintiffs' contention that the court erred in construing the language of the termination letter " 'to vacate the apartment on or before the date' (March 31, 1979) [as] an offer to the defendants to move before the expiration of the lease and to pay rent for the month of March only during the period that the apartment was occupied during the month of March."

The lease agreement in this case was for one year from April 1, 1978 until March 31, 1979; rent was payable at the rate of $175 per month and under the provisions of the contract "either party may terminate this agreement at the end of the initial term by giving the other party thirty (30) days written notice prior to the end of the term, but if no notice is given, then the agreement will be extended on a month-to-month basis with all terms remaining the same until terminated by either party upon thirty (30) days written notice."

The notice given here was in compliance with the quoted provision seeking to terminate the contract at the end of the specified term, and was not an offer to pro rate the monthly payment for the last month.

2. The trial judge found that "as a matter of law that a dispossessory warrant can be used only for 2 purposes, i.e., to dispossess a tenant, and/or, to collect rent, but, it cannot be used to collect any other type of damages." This ruling apparently overlooks Code Ann. § 61-305 (a) (Code § 61-305 (a); as amended through Ga. L. 1970, pp. 968, 971) which reads "If, on the trial of the case, judgment is against the tenant, judgment shall be entered against the tenant for all rents due and for any other claim relating to the dispute." See *Burger King Corp. v. Garrick,* 149 Ga. App. 186 (253 SE2d 852).

However, regardless of the reason given, it was not error to deny the plaintiffs damages for "late charges." The rental agreement provides: "Time is of the essence of this agreement. If management elects to accept rent after the fifth day of each month a late charge of Ten Dollars

(10.00). A Ten Dollar (10.00) charge for any checks returned to management by any bank." This provision is clearly too ambiguous and incomplete to afford a basis for recovery.

3. The remaining enumeration of error is without merit.

*Judgment affirmed in part; reversed in part. Smith and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 17, 1979 — DECIDED NOVEMBER 16, 1979.

*John Lantz,* for appellants.
Kenneth White, *pro re,* Sherry White, *pro se.*