## 65711. TWIN TOWER JOINT VENTURE v. AMERICAN MARKETING & COMMUNICATIONS CORPORATION.

QUILLIAN, Presiding Judge.

Appeal from a directed verdict for defendant in a dispossessory proceeding.

Plaintiff-appellant Twin Tower Joint Venture leased certain premises to defendant-appellee corporation in September 1979. On April 17, 1980, appellee executed a demand promissory note to

appellant for attorney fees paid by appellant for collecting rent due prior to that date. On June 24, 1980, appellee executed another demand promissory note to appellant to defer lease payments for the months of June through September 1980. In January 1981 and for several months thereafter appellee defaulted on its lease payments to appellant and also defaulted on its payments on the demand notes. On June 25, 1981 appellant delivered to the president of appellee personally a letter which stated that appellee was in default of the terms of the lease for failure to pay rent and other charges; that, in addition, appellee was also in default in payment of the two demand notes and demanded payment thereof; that the lease was terminated; gave notice of 15% attorney fees if the notes were not paid within ten days; and instructed appellee to "vacate your premises as of the receipt of this letter." Appellee did not vacate the premises and appellant commenced this action for possession and unpaid back rent. Appellee answered denying liability and counterclaimed alleging that appellant, by various acts, was trying to cause appellee to vacate the leased premises. Appellant then amended its complaint for possession by also alleging the two demand notes were in default and demanding payment thereof.

At trial appellant placed in evidence the lease, the amount of unpaid rent and other charges, and the letter terminating the lease and demanding possession, which also included the demand for payment of the two notes and notice of attorney fees. Appellee's president admitted nonpayment of the rent, receipt of the letter terminating the lease and demanding possession, and execution of the notes. The trial court refused to admit in evidence the two notes and two other letters demanding payment thereof, on the ground that the dispossessory action could not be combined with an action to collect on the notes. Appellant rested and appellee's motion for a directed verdict was granted, which as to the dispossessory action was apparently because the demand for possession was not valid as it was combined in the same document as the demand for payment of the notes. Appellee then dismissed its counterclaim and judgment was entered for appellee. *Held:*

1. OCGA § 44-7-50 et seq. (Code Ann. § 61-301 et seq.) provides for dispossessory proceedings. OCGA § 44-7-55 (a) (Code Ann. § 61-305) states: "If, on the trial of the case, judgment is against the tenant, judgment shall be entered against the tenant for all rents due and for any other claim relating to the dispute."

"Under this Code section [OCGA § 44-7-55 (a)] the appellant was clearly authorized to sue for any contractual liability relating to the termination of the lease." *Burger King Corp. v. Garrick,* 149 Ga. App. 186, 187 (253 SE2d 852).

"The trial judge found that 'as a matter of law that a dispossessory warrant can be used only for 2 purposes, i.e., to dispossess a tenant, and/or, to collect rent, but, it cannot be used to collect any other type of damages.' This ruling apparently overlooks Code Ann. § 61-305 (a) [now OCGA § 44-7-55 (a), quoted supra] ..." See *Burger King Corp. v. Garrick,* 149 Ga. App. 186 [supra]." *Lantz v. White,* 152 Ga. App. 389, 390 (262 SE2d 640).

"Title 61-3 ... does intend for all related claims between the landlord and the tenant to be determinable in the dispossessory proceeding (Code §§ 61-303; 61-305 (a)) ..." *Leverette v. Moran,* 153 Ga. App. 825, 826 (266 SE2d 574).

Since the promissory notes were clearly claims "relating to the dispute" between the parties, we find that the trial court erred in ruling that the collection of the notes could not be tried with the dispossessory action.

It follows, therefore, that the trial court also erred in excluding the notes and letters demanding payment thereof from evidence.

2. Appellant's letter of June 25, 1981, terminating the lease and instructing appellee "to vacate your premises as of the receipt of this letter," constituted a sufficient demand for possession. Such a demand was not rendered ineffective by also giving notice in the same document of demand for payment of the notes and notice that attorney fees would be demanded if not paid within ten days.

3. Therefore, direction of a verdict for appellee was error as the evidence admitted and the evidence improperly excluded, did not demand a verdict for appellee. OCGA § 9-11-50 (a) (Code Ann. § 81A-150 (a)).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 21, 1983.

*Henry R. Bauer, Jr., Gerald B. Kline,* for appellant.
*Dean H. Berk, Barry G. Sikes,* for appellee.