75264. EDWARDS v. WILSON et al.
(364 SE2d 642)

CARLEY, Judge.

Appellant-defendant in this negligence action appeals from the judgment that was entered in favor of appellee-plaintiffs Mr. and Mrs. Michael Wilson after a bench trial. The evidence, although not without dispute, would have authorized the trial court, sitting as the

trior of fact, to make the following findings: Appellees purchased "pit passes" for appellant's automobile race track. While making their way to the track entrance, appellees encountered one of appellant's employees who was engaged in directing both vehicular and pedestrian traffic. Appellant's employee directed appellees to stop and they did. Appellant's employee then motioned to the driver of a trailer which was located behind appellees and several feet to their right to move forward. The driver of the trailer complied with the motion of appellant's employee and, as the consequence, the trailer struck appellees from the rear. Based upon these and additional findings, the trial court entered the judgment for appellees from which appellant brings this appeal.

1. Several of appellant's enumerations relate to the findings of fact which were made by the trial court. "When a trial court sits as both judge and jury, the court's findings of fact are binding on appeal, and, unless wholly unsupported or clearly erroneous, will not afford a basis for reversal. [Cits.] On appeal, this court must not substitute its judgment for that exercised by the trial court when there is some support for the trial court's conclusion. Our duty is not to weigh evidence de novo, but to merely determine if there is any evidence which supports the judgment below. [Cit.] Even in the face of conflicting evidence, the trial court's judgment will be upheld as long as there is 'any evidence' to uphold the lower court's determination. [Cit.]" *Cessna Fin. Corp. v. Design Engineering*, 176 Ga. App. 206, 208 (335 SE2d 625) (1985).

There was sufficient evidence to authorize the trial court's finding that appellant's employee, having first undertaken to direct appellees to stop, then directed the trailer to move forward without determining whether that movement of the trailer could be made in reasonable safety. Accordingly, the trial court did not err in failing to find that appellees were barred from recovering based upon their alleged "equal or superior knowledge" of the danger presented by the trailer. " 'One who undertakes, gratuitously or for consideration, to render services to another *which he should recognize as necessary for the protection of a third person* or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm . . . or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.' [Cit.] 'An act may be negligent if the actor intends to prevent, or realizes or should realize that it is likely to prevent, another or a third person from taking action which the actor realizes or should realize is necessary for the aid or protection of the other.' [Cit.] Hence, if a person signals another that the way is safe for the other's vehicle to pass, or to come in front of him, he should realize

that his voluntary action may cause reliance upon his signal which causes the other person to forego reliance upon his own lookout, which is necessary for the aid or protection of the person signaled." (Emphasis in original.) *Cunningham v. Nat. Svc. Indus.*, 174 Ga. App. 832, 835 (331 SE2d 899) (1985). The trial court was authorized to find that, by his direction to appellees to stop, appellant's employee had thereby induced appellees to rely upon his safe direction of traffic rather than upon their own lookout. It follows that the trial court was authorized to find appellant liable for his employee's negligence under a respondeat superior theory.

We need not address the further contention that the trial court erred in finding that appellees were also authorized to recover against appellant under a direct negligence theory. Any possible error in the determination that appellant was directly liable would be rendered harmless by the evidentiary support for the finding that appellant was vicariously liable for appellees' injuries.

2. The evidence authorized a finding that all of the special damages which were sought by appellee Mr. Wilson and awarded by the trial court were attributable to the physical injury here at issue rather than to the misconduct or poor judgment of appellee Mr. Wilson himself. Accordingly, the trial court did not err in failing to find that appellee Mr. Wilson had not mitigated his damage.

3. Appellant enumerates as error the failure of the trial court to find that appellees had contractually waived their right to sue. It is undisputed that the tickets purchased by appellees indicated that "[b]y acquiring and *using* this Pit Pass, [they] waive[d] all claims for personal injury and property damage against [appellant], and [would] hold [appellant] harmless in the event of any personal injury to [themselves] on any damage or injury to [their] property *occasioned while in attendance at the race meet*." (Emphasis supplied.) However, it is undisputed that appellees never used their "pit pass" or suffered personal injury "occasioned while in attendance at the race meet" because they were struck by the trailer before they entered the pit where they were to attend the race meet. It is clear from the language of the "pit pass" that appellant was attempting to secure his release from liability for the injuries that an attendee at an automobile race track would normally have assumed, not his release from liability for injuries resulting from his employee's negligence in directing pedestrian and vehicular traffic prior to the commencement of the race. Moreover, it is undisputed that, due to appellees' inability to use the passes as the result of their injuries, they received a refund of the purchase price of those passes. This enumeration is without merit.

4. The trial court's failure to reduce its awards to appellees pursuant to the doctrine of comparative negligence is enumerated as error. The evidence may have authorized a finding of appellees' negli-

gence, but it clearly did not demand such a finding. Accordingly, the trial court's finding that appellees were not negligent and its consequent failure to apply the comparative negligence doctrine was not clearly erroneous and must be affirmed. See generally *Cessna Fin. Corp. v. Design Engineering*, supra.

5. The trial court's application of the collateral source rule forms the basis for one of appellant's enumerations of error. We note at the outset that the trial of this case was conducted prior to July 1, 1987, the effective date of Ga. L. 1987, pp. 915, 917, whereby OCGA § 51-12-1 was amended. Accordingly, any impact that the 1987 enactment may have on the application of the collateral source rule is not relevant to our consideration of this case.

Our review of the record shows that the trial court correctly applied the collateral source rule pursuant to controlling pre-July 1, 1987 authority. "The 'collateral source rule' obtains in this jurisdiction. [Cit.] Under this rule '[a] tortfeasor can not diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.' [Cits.]" *Insurance Co. of N. America v. Fowler*, 148 Ga. App. 509, 511 (2) (251 SE2d 594) (1978). This enumeration of error is without merit.

6. The trial court reduced appellee Mr. Wilson's award by the $5,000 in PIP benefits which had been paid to him under the policy of the owner of the trailer which had struck him. Appellant enumerates as error the failure of the trial court to reduce the award by an additional $5,000, which amount allegedly represents additional PIP benefits available to Mr. Wilson under his own policy.

Under OCGA § 33-34-9 (b), a "plaintiff could only recover those amounts in excess of that provided by *basic* 'no fault' coverage . . . [$5,000 under current law]." (Emphasis supplied.) *Hall v. White*, 150 Ga. App. 545, 546 (258 SE2d 256) (1979). If appellee Mr. Wilson has received his full $5,000 in *basic* PIP benefits under the insurance policy of another, any such additional PIP benefits as he may have received under his own policy would represent *optional* PIP coverage. See generally *Voyager Cas. Ins. Co. v. King*, 172 Ga. App. 269 (323 SE2d 4) (1984). Under OCGA § 33-34-9 (b), a "plaintiff is not precluded from recovery as to amounts received from optional coverage provided by the purchase of additional personal injury protection (PIP). [Cit.] The statute does not prevent one from receiving the benefits of additional PIP and suing the alleged tortfeasor for those same sums." *Hall v. White*, supra at 546. See also *McGlohon v. Ogden*, 251 Ga. 625, 626 (1) (308 SE2d 541) (1983). Accordingly, the trial court did not err in failing to reduce appellee Mr. Wilson's award by more than the $5,000 in basic PIP benefits he had received.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

518

*Richard L. Collier*, for appellant.
*Richard W. Hendrix*, for appellees.