## 77339. QUINLAN v. BELL.
### (374 SE2d 823)

DEEN, Presiding Judge.

John Quinlan entered into a lease agreement with Ralph Bell, d/b/a Southeastern Crane and Rigging, on December 27, 1983, under which a crane was leased to Bell. A typed provision in the agreement provided: "The rental period shall begin on date of shipment of the equipment by lessor and shall end on date of delivery of the equipment back to lessor's yard." The second page was printed and incorporated by reference into the typed portion and provides: "Title; Return of Equipment. Lessee shall pay rent as required herein until all of the equipment is re-delivered to lessor's premises."

On October 28, 1986, Bell notified Quinlan that the crane had

been damaged when it tipped over while being operated. Bell claims that he attempted to repair the crane, but Quinlan came on his property on November 1, 1986, seized it, and removed it to his property. Quinlan filed suit against appellee to recover damages sustained by the crane and rent from November 1, 1986, to the present. Bell filed a motion for partial summary judgment, asserting that no rent was due after November 1, 1986, under the terms of the lease. Quinlan appeals from the grant of Bell's motion. *Held*:

"The construction of a contract is a question of law for the court." OCGA § 13-2-1. Unless there are ambiguous terms or expressions in the contract, it is the trial court's duty to construe it. *Salvatori Corp. v. Rubin*, 159 Ga. App. 369 (283 SE2d 326) (1981). The same rule applies to leases. *Peachtree &c. Investors v. Reed Drug Co.*, 251 Ga. 692 (308 SE2d 825) (1983). The trial court's findings will not be set aside unless they are clearly erroneous. *Nodvin v. Krabe*, 160 Ga. App. 310 (287 SE2d 236) (1981). The rules that the court must apply in construing a contract are found in OCGA § 13-2-2. In construing a contract, the fundamental rule is to ascertain the intent of the parties. *McVay v. Anderson*, 221 Ga. 381 (144 SE2d 741) (1965). A typewritten provision must govern over a conflicting printed one. *Hodsdon v. Whitworth*, 153 Ga. App. 783, 786 (266 SE2d 561) (1980); *Aetna Life & Cas. Co. v. Charles S. Martin Distrib. Co.*, 120 Ga. App. 133 (169 SE2d 695) (1969).

The typewritten terms of the lease provide that the lease expires when the equipment is delivered to the lessor, and the printed portion requires the payment of rent until all the equipment is returned. Although appellant claims that all the equipment was not returned, the unreturned equipment is not identified anywhere in the record. Appellant's argument that the appellee did not return the equipment as required under the lease, and therefore the provision does not apply in favor of the lessee because the lessee did not bear the delivery expense, is not meritorious. We find no error in the trial court's ruling.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 24, 1988.

*Jon Gary Branan*, for appellant.
*I. Gregory Hodges, Thomas A. Withers*, for appellee.