### A89A1825. PRICE v. AGE, LTD. et al.
(390 SE2d 242)

SOGNIER, Judge.

Age, Ltd. brought a dispossessory action against Scott Price d/b/a United Fitness Center. Walter Kwon was added as a third party defendant. After a bench trial the court found in favor of Age, Ltd. for $25,961.57 for past due rents and attorney fees under the lease contract and found Kwon liable to Price for that sum, with an additional award of attorney fees in Price's favor against Kwon based on bad faith. Price alone appeals from the judgment in favor of Age, Ltd.

Appellant and appellee executed a lease contract in November 1983 whereby appellant leased premises for his exercise business. In December 1985 appellant sold his exercise business to Kwon. Although appellant and Kwon executed an assignment of the lease, it is uncontroverted that Kwon failed to execute a separate assignment presented to him by appellee. Kwon apparently vacated the leased premises in July 1986 and paid no rent thereafter. On August 5, 1986, appellee notified appellant of his default under the contract terms for failure to pay rent, and on August 7 appellee filed the subject dispossessory.

1. Appellant contends the trial court erred by not finding that appellee failed to comply with the condition precedent in Section 12.1 of the lease contract. That provision states "[i]t is mutually agreed that in the event [appellant] shall default in the payment of rent, . . . or other sums herein reserved when due or defaults in the delivery to [appellee of certain reports]; or, unless otherwise provided in this Lease, [appellant] shall be in default in performing any of the terms or provisions of this Lease *other than those above in this Section* 13.1 [sic] and fails to cure such default within ten (10) days after written notice of default from [appellee]; or [upon appellant's bankruptcy or other matters not in issue here]; then, and in any of said events, [appellee] has the following options: (i) [appellee] may, during the continuance of such default or condition, immediately terminate this Lease upon written notice to [appellant], whereupon this Lease shall end." (Emphasis supplied.) Appellant argues that he was entitled to written notice ten days after he failed to cure the default, i.e., failure to pay the rent, and thus the written notice provided by appellee to him two days before filing the dispossessory warrant failed to meet the contractual conditions precedent.

" 'The construction of a contract is a question of law for the

court.' OCGA § 13-2-1. Unless there are ambiguous terms or expressions in the contract, it is the trial court's duty to construe it. [Cit.] The same rule applies to leases. [Cit.] The trial court's findings will not be set aside unless they are clearly erroneous. [Cit.] . . . In construing a contract, the fundamental rule is to ascertain the intent of the parties. [Cit.]" *Quinlan v. Bell*, 189 Ga. App. 8, 9 (374 SE2d 823) (1988). Applying these principles, we find the trial court properly rejected appellant's interpretation of the contract. While reading the contract is complicated by the reference to Section "13.1" (a section providing that the laws of Georgia govern the interpretation of the lease contract), we agree with appellee that in view of the use of the modifying "this," "13.1" is a typographical error for "12.1." With this correction, the language conditioning appellee's utilization of option (i) upon written notice ten days after appellant's failure to cure "such default" clearly and unambiguously does not include "those [defaults] above in this Section," i.e., default in the payment of rent, as is the case here. Accordingly, since appellant's default was not the type of default contemplated by the parties as triggering the condition precedent in the contract, the trial court correctly determined that appellee was not required to comply with that condition. See generally *Stover & Sons v. Harry Norman, Inc.*, 187 Ga. App. 514, 515-516 (370 SE2d 776) (1988).

2. Appellant contends the trial court erred by finding he was obligated to pay appellee those rents accruing after August 5, 1986, the date appellee terminated the lease, until December 5, 1986, the date appellee assumed possession of the lease premises. Appellant relies on Section 12.1 (i) of the lease, which provides that "[u]pon such termination [of the lease contract] by [appellee], [appellant] will at once peaceably surrender possession of the Demised Premises to [appellee] and remove all of [appellant's] effects therefrom, and [appellee] may forthwith reenter the Demised Premises and repossess himself thereof and remove all persons and effects therefrom, using such force as may be necessary without being guilty of trespass, forcible entry or other tort and take such other action or actions as [appellee], in its discretion, deems necessary to secure, preserve and protect the Demised Premises." Appellant argues that under this language, appellee was entitled to take possession of the premises as of the date of termination without instituting any dispossessory proceedings, and thus appellant was not responsible for the rent during the four months it took appellee to process its dispossessory proceedings.

We do not agree with appellant that appellee could not institute dispossessory proceedings under OCGA § 44-7-50 et seq., but was obligated to proceed solely under the lease contract. OCGA § 44-7-50 provides an additional right or benefit to landlords as a class, and whether or not a landlord wishes to implement the statutorily pro-

vided procedure or waive the benefit of the statute is a matter purely within the landlord's discretion. *Holden v. Royal Mfg. Co.*, 79 Ga. App. 767, 770-771 (54 SE2d 317) (1949). It is well established that a landlord is not required to activate the termination provisions in a lease in order to institute dispossessory proceedings against a tenant on the basis of nonpayment of rent, see *Metro Mgmt. Co. v. Parker*, 247 Ga. 625, 630 (278 SE2d 643) (1981), and that the statutory remedy "may be exercised at any time the landlord sees fit to use it." *Willis v. Harrell*, 118 Ga. 906, 910 (7) (45 SE 794) (1903). Contrary to appellant's argument, OCGA § 44-7-50 by its terms does not apply solely to situations where a tenant holds possession of lands over and beyond the term for which they were rented, and while, in situations where the tenant has vacated the premises, it has been noted that "effective utilization of dispossessory . . . proceedings is impossible [and that] an action for rent is the only functional means of liquidating the landlord's claim for past due rent," Dawkins, Ga. Landlord & Tenant — Breach & Remedies — With Forms, § 7-1, nothing in OCGA § 44-7-50 et seq. prohibits the filing of dispossessory proceedings in such situations. Further, since the lease contract between the parties was viable so that appellant was still the lessee responsible under the contract (appellee having never acknowledged appellant's assignment of the lease to Kwon under the terms of the lease), we find no merit in appellant's argument that he was not the proper party upon whom appellee made demand for possession. Although appellant argues that he did not refuse to deliver possession of the premises to appellee and that the premises were available, it is uncontroverted that appellant did not tender to appellee within seven days after he was served with the summons all rents allegedly owed plus costs of the dispossessory warrant, and, therefore, he did not present a defense to bar appellee's action. OCGA § 44-7-52.

Appellant contends there was evidence that the leased premises had been vacated by Kwon by July 1986. Even if appellant's version of the facts were correct, in *Veazey v. Sinclair Refining Co.*, 66 Ga. App. 730, 731 (19 SE2d 55) (1942), this court held that where a landlord has not released the tenant by substituting in his place a proffered subtenant, the abandonment of the premises by the subtenant does not authorize the landlord to re-enter the premises where the lease was valid and outstanding. "The absence of [the subtenant], whether temporary or permanent, from the premises was a matter between [the tenant] and [the subtenant]; and so far as [the landlord] was concerned, while his lease was legally outstanding, [the tenant] could . . . allow the property to remain vacant, so long as his lease with [the landlord] was valid and outstanding and he complied with the terms thereof. [Cits.]" Id. We note that there is no issue here of acceptance of the premises by appellee from appellant to change ap-

pellant's abandonment of the premises into a surrender thereof. See *Hulsey v. Harrington*, 57 Ga. App. 479, 482-485 (195 SE 901) (1938).

However, despite appellant's argument above that there was evidence appellee could have reentered and relet the premises after July 1986, as provided by in the contract, the evidence was conflicting on this point in that testimony was adduced at trial that appellee did not reenter the premises then because "Kwon was continuing to operate [his business] at the time," and it was not until appellee obtained the writ of possession on December 5, 1986 that it reentered the premises. The trial court found that appellant was obligated to pay rent under the contract until the premises were returned to appellee and that possession was not returned to appellee until December 5, 1986. " 'When a trial court sits as both judge and jury, the court's findings of fact are binding on appeal, and, unless wholly unsupported or clearly erroneous, will not afford a basis for reversal.' (Cits.) On appeal, this court must not substitute its judgment for that exercised by the trial court when there is some support for the trial court's conclusion. Our duty is not to weigh evidence de novo, but to merely determine if there is any evidence which supports the judgment below. (Cit.) Even in the face of conflicting evidence, the trial court's judgment will be upheld as long as there is "any evidence" to uphold the lower court's determination. (Cit.)' [Cit.]" *Edwards v. Wilson*, 185 Ga. App. 514, 515 (1) (364 SE2d 642) (1988). We find no error in the trial court's ruling.

3. We find no merit in appellant's contention that the trial court erred by awarding appellee the rent installments which accrued after appellee filed the dispossessory warrant. Appellant cites *Nickerson v. Candler Bldg.*, 156 Ga. App. 396 (274 SE2d 582) (1980) in support of his argument that because appellee failed here to file supplemental pleadings pursuant to OCGA § 9-11-15 (d), it cannot recover those rental amounts which came due after appellee's action was filed. Appellant has overlooked OCGA § 9-11-15 (b) which provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." The transcript of the bench trial reveals that all the parties repeatedly referenced appellee's claim to the rental amounts accruing after the dispossessory was filed and argued the merits of appellee's claim to those amounts before the trial court. The case sub judice is thus distinguishable from *Nickerson*, supra, in which no additional claims for rental amounts due after the complaint was filed could have been raised and tried by express or

implied consent of the parties because default judgment had been entered against the lessee on the complaint.

4. Appellant asserts error in the trial court's failure to admit evidence regarding a collateral agreement between him and appellee. The trial court granted appellee's motion in limine prohibiting reference to that agreement on the basis that the evidence was barred by the parol evidence rule. The evidence appellant sought to introduce consisted of a letter appellant wrote appellee in March 1985 and appellant's testimony regarding the damages he suffered as a result of appellee's breach of the collateral agreement. The March 1985 letter stated that at the time the initial lease contract was executed in January 1984, appellant entered the lease with "the full understanding that my [appellant's] premises were to be remodeled before the increase in rent began in February of '85 . . . . I was assured by February 1985, my facility would be remodeled and you have already redone one location and started on another. This is hurting my sales . . . ."

The trial court held that appellant's evidence contradicted the language in Section 6.2 of the lease contract, which provided that "[e]xcept as otherwise provided in this Lease, [appellee] shall not be obligated to perform any maintenance or to make any repairs, modifications or replacements of any kind upon the Demised Premises or to or upon any equipment, facilities, systems or fixtures therein contained." "Under OCGA § 24-6-1, '(p)arol contemporaneous evidence is generally inadmissible to contradict or vary the terms of a valid written instrument.'" *Hayes Constr. Co. v. Thompson*, 184 Ga. App. 482, 483 (1) (361 SE2d 865) (1987). Appellant does not contend that any part of the contract is ambiguous so as to require parol evidence to be admitted to aid in construing it, and we cannot agree with appellant that the collateral agreement he asserts existed between the parties was not inconsistent with the written lease. Parol evidence cannot be admitted "to add to, take from, or vary the writing itself." *Andrews v. Skinner*, 158 Ga. App. 229, 230 (279 SE2d 523) (1981). Accordingly, we find no error in the exclusion of this evidence.

5. Appellant contends the trial court miscalculated the amount of damages, alleging that the trial court failed to deduct from the rental amount awarded appellee from July 1986 to December 5, 1986 certain credits and overpayments appellant claims he made prior to July 1986. However, as appellee points out, the trial court declined to award appellee certain compensation it sought from appellant, which was in an amount exceeding appellant's claimed amount by 49 cents. It thus appears that the trial court either found no merit in the parties' claimed amounts or else set off the amounts against each other. No error in the computed rent awarded having been made, we find no error in the amount of damages awarded by the trial court.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 2, 1990.

*Gershon, Olim, Katz & Loeb, Max Olim,* for appellant.
*Welch, Blender & Goodman, Michael D. Goodman, W. Jason Uchitel,* for appellees.