A91A2199. MOULTRIE INSURANCE AGENCY, INC. v.
GOODBAR et al.
A91A2200. MOULTRIE INSURANCE AGENCY, INC. v.
WEITZEL et al.
(417 SE2d 658)

COOPER, Judge:

In August 1987, appellees, six individuals, formed a partnership and entered into a joint venture agreement for the purpose of purchasing and developing a parcel of real property located in Colquitt County, Georgia. The joint venture executed a construction loan agreement borrowing the sum of $1,150,000 to be used for the construction of a Traveler's Choice Inn on the property. Subsequently, appellees subcontracted with David Goodbar Interests, Inc. ("Goodbar Interests") for the construction of the motel. Goodbar Interests is a corporation owned by J. David Goodbar and S. Victoria Goodbar, two of the members of the partnership. While the motel was under construction, appellant provided builder's risk insurance coverage to Goodbar Interests, for which Goodbar Interests paid all of the premiums. The construction was completed in mid-January 1988, and appellant issued permanent insurance coverage on the property. The permanent insurance coverage was applied for by Goodbar Interests d/b/a Goodbar Industries, and the named insured under the policy was Goodbar Interests, d/b/a Traveler's Choice Inn JV103. Goodbar Interests never paid the premiums on the permanent insurance policy and subsequently filed for bankruptcy. Appellant cancelled the insurance and filed an action against appellees for non-payment of the insurance premiums in the amount of $6,466. Appellees J. David Goodbar and S. Victoria Goodbar did not answer the complaint, but the remaining appellees answered denying any liability for the insurance premiums. The case proceeded to a bench trial, and the court entered an order in favor of appellees, finding that none of the appellees individually contracted for the insurance. Appellees then filed a motion for attorney fees and expenses of litigation pursuant to OCGA § 9-15-14, and the trial court granted the motion, awarding appellees $3,202.83 in attorney fees.

In Case No. A91A2199, appellant appeals from the trial court order finding that appellees were not liable for the insurance premiums. In Case No. A91A2200, appellant appeals from the trial court's award of attorney fees. Appellant did not file a brief and enumeration of error in Case No. A91A2199; however, a brief and enumeration of error were filed in Case No. A91A2200 along with a request that the same brief and enumeration of error be used in both cases.

## Case No. A91A2199

1. Appellant contends that the trial court erred in finding that appellees did not contract for the permanent insurance policy and therefore were not responsible for payment of the insurance premiums. " ' "When a trial court sits as both judge and jury, the court's findings of fact are binding on appeal, and, unless wholly unsupported or clearly erroneous, will not afford a basis for reversal. (Cits.) On appeal, this court must not substitute its judgment for that exercised by the trial court when there is some support for the trial court's conclusion. Our duty is not to weigh evidence de novo, but to merely determine if there is any evidence which supports the judgment below. (Cit.) Even in the face of conflicting evidence, the trial court's judgment will be upheld as long as there is 'any evidence' to uphold the lower court's determination. (Cit.)" [Cit.]' [Cit.]" *Price v. Age, Ltd.*, 194 Ga. App. 141, 144 (390 SE2d 242) (1990).

The insurance policy in question was applied for by Goodbar Interests d/b/a Goodbar Industries, Inc., not David Goodbar individually. Even though David Goodbar individually may have had the authority to bind appellees to a contract, Goodbar Interests, a separate corporation, had no authority to bind the partnership. It is also apparent that appellees' names do not appear on either the application for insurance, the insurance policy, or the notice of cancellation of the policy. The record also reflects that appellant knew appellees were not liable because it did not try to collect from appellees. All of this evidence supports the trial judge's conclusion that no contract for insurance was entered into between appellant and appellees. Inasmuch as there is ample evidence to support the trial judge's decision, we find no basis for reversal.

2. Appellant also argues that the failure of appellees J. David Goodbar and S. Victoria Goodbar to answer the complaint constituted an admission by all appellees of paragraph 4 of the complaint, which alleged that "[appellees] contracted with [appellant] for insurance. . . ." " '(S)ince this ground was never made an issue before the trial court, no question is presented for appellate review.' [Cit.]" *Liner v. North*, 194 Ga. App. 175, 179 (2) (390 SE2d 263) (1990).

3. Appellee has requested that we assess a penalty for frivolous appeal pursuant to OCGA § 5-6-6. Although we find no merit in the appeal, we cannot conclude that it was filed for the purpose of delay. Accordingly, the motion is denied.

## Case No. A91A2200

4. Since appellant filed an appeal from the underlying judgment, a direct appeal from the award of attorney fees is allowed without

regard to the discretionary appeal procedures of OCGA § 5-6-35 (a) (10). *Rolleston v. Huie*, 198 Ga. App. 49 (4) (400 SE2d 349) (1990). However, appellant's sole enumeration of error is that the trial court erred in finding that appellees were not liable for the insurance. As discussed in Division 1, we find no error with the trial court's ruling. Although appellant argues in its brief that the award of attorney fees was erroneous, such argument is beyond the scope of the existing enumeration of error. " ' "An enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration." (Cit.)' " *Sentry Ins. v. Majeed*, 194 Ga. App. 276 (1) (390 SE2d 269) (1990). Therefore, this issue is not properly before this court for review.

*Judgments affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 19, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 — 

*Fallin & McIntosh, Billy G. Fallin*, for appellant.
*Crews, Salter & Gisler, Charles M. Gisler*, for appellees.