A93A2063. DWYER et al. v. ANAND.

(436 SE2d 532)

BLACKBURN, Judge.

In January 1990, the appellee, Vijay Anand, leased certain commercial property to Atlanta Rainbow, Inc. (Rainbow) for a monthly rental of $3,300 and a term extending from February 1, 1990, through January 31, 1995. Lawrence Dwyer executed a personal guaranty of the tenant's obligations. Problems with water leakage developed, the cause of which was disputed by the parties, and ultimately Rainbow ceased paying the rent.

On September 5, 1991, Anand commenced this action against Rainbow and Dwyer, seeking to recover the past due rent for August 1991, as well as any future rents that may become due. Following a bench trial, the trial court entered judgment for Anand for unpaid rents totaling $38,300, from which Rainbow and Dwyer appeal.

1. Rainbow and Dwyer contend that the trial court erred in allowing Anand to recover rents that became due after commencement of the action. We agree.

Generally, "[w]here suit is brought on a written contract for rent payable in installments, a recovery can not be had for installments falling due after the suit is commenced. . . . Each instal[l]ment under a contract constitutes a different cause of action on which an action can be brought, even though all are provided for in the same contract." (Citations and punctuation omitted.) *Nickerson v. Candler Bldg.*, 156 Ga. App. 396, 399-400 (274 SE2d 582) (1980). In order to recover rents that become due after commencement of an action seeking rents that are already past due, a plaintiff must amend his original complaint under OCGA § 9-11-15 (a), supplement his pleadings under OCGA § 9-11-15 (d), or try the additional issues with the express or implied consent of the other party in accordance with OCGA § 9-11-15 (b). See *Peterson v. American Intl. Life Assurance Co.*, 203 Ga. App. 745 (417 SE2d 402) (1992); *Price v. Age, Ltd.*, 194 Ga. App.

141 (3) (390 SE2d 242) (1990).

In the instant case, when Anand filed his complaint, only the August 1991 rent was past due. Although that complaint prays for recovery of future rents that may become due during the pendency of the action, it is uncontroverted that Anand never filed any amendment or supplemental pleading to assert the new causes of action. Indeed, at the beginning of the trial, counsel for Anand denied such an obligation on the grounds that it would constitute an undue burden on the plaintiff to file amendments seeking those accruing rents.

Anand argues that by failing to request a continuance and proceeding to litigate the matter of accrued rents due, Rainbow and Dwyer impliedly consented to trial of those issues. However, the record shows that Rainbow and Dwyer objected to the consideration of those issues at the beginning of the trial on the grounds that they were not raised in the pleadings, but the trial court rejected their objection. Rainbow and Dwyer then voiced a continuing objection to those issues, which was acknowledged by the trial court. Rainbow and Dwyer thus in no way consented to the trial regarding any rents that became due after the complaint was filed. Cf. *Price v. Age, Ltd.*, supra. OCGA § 9-11-15 (b) allows a trial court to grant a continuance to enable the objecting party to meet the evidence regarding the additional claims, but that Code section places no requirement on the objecting party to request such.

In summary, in the absence of an amendment to the complaint, supplemental pleadings, or trial of the claims for accrued rents by the express or implied consent of the parties, the trial court was not authorized to enter judgment for Anand for the rents that became due after commencement of the action. See *Burger King Corp. v. Garrick*, 149 Ga. App. 186 (253 SE2d 852) (1979). Accordingly, the judgment must be reversed to that extent.

2. Rainbow and Dwyer also enumerate as error the trial court's findings with regard to their defense of constructive eviction, the respective rights and obligations of the parties under the lease concerning maintenance of the property, and as to whether Anand terminated the lease when he demanded vacation of the premises so that he could attempt to relet the property. The trial court thoroughly addressed those issues in her order, and the findings contained therein are supported by the evidence and the law. These remaining enumerations of error are without merit.

*Judgment affirmed in part, reversed in part. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 28, 1993.

*McCrimmon & McCrimmon, Edward W. McCrimmon,* for appel-

lants.

*Blandford & Werbin, B. Emory Potter,* for appellee.