## A01A0649. BLAND v. GRAHAM et al.
### (549 SE2d 809)

PHIPPS, Judge.

The Colonial Club Homeowner's Association and two of its members sued Margarete Bland for violating a restrictive covenant in her warranty deed by constructing a separate residence on her property. They also sued Bland for breaching the contract that sought to resolve the dispute over the second residence by failing to seek prior approval from the association before proceeding with corrective construction. They sought injunctive relief, monetary damages and attorney fees.

After conducting a hearing and considering evidence from both sides, the trial court ordered Bland to proceed immediately with corrective construction on her property to give the two residences the appearance of a single home. The court also found that the association was entitled to place a lien on Bland's property for unpaid association fees and awarded attorney fees to the association. Finally, the court enjoined and restrained Bland "from interfering with the common areas and the 16-foot wide roadway of the Colonial Club Homeowner's Association." Bland appeals from the last portion of the order.

Bland argues that when the trial court precluded her from interfering with the common areas and the association's roadway, it granted injunctive relief on an issue not properly before the court. We agree and reverse that portion of the order. Bland does not appeal the remainder of the order.

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . . If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of the evidence

would prejudice him in maintaining his action or defense upon the merits. . . .[1]

The association's complaint, which was never amended, was directed solely at the improper construction on Bland's property and did not mention any controversy related to the common areas or a roadway. Thus, the issue was not raised by the pleadings.

Nor was the issue tried by express or implied consent of the parties. Bland's attorney objected to questions related to maintenance of the roadway adjacent to Bland's property on the ground of relevancy, noted that no amended complaint had been filed and requested leave to file a counterclaim because "both parties contend that the road has been altered in ways that affect the property." The association's attorney did not pursue the issue further. The only other mention of the claim was by the association's president, who testified that part of the relief sought by the association was "[n]o interference about maintaining the road." Because Bland's attorney clearly objected to evidence of this additional claim, it cannot be said that the claim was tried with Bland's express or implied consent.[2] In the absence of an amendment to the pleadings, the trial court was not authorized to admit evidence of this separate claim or to grant relief on the claim.[3] We therefore reverse that portion of the trial court's order.

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED JUNE 5, 2001.

*Pierce Winningham III*, for appellant.
Margarete A. Bland, *pro se.*
*William A. Neel, Jr.*, for appellees.

[1] OCGA § 9-11-15 (b).
[2] *Burger King Corp. v. Garrick*, 149 Ga. App. 186, 188 (253 SE2d 852) (1979).
[3] Id.