**THIRD DIVISION
DOYLE, P. J.,
MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**April 25, 2025**

# In the Court of Appeals of Georgia

A25A0181. WATERS et al. v. SMITH.

DOYLE, Presiding Judge.

Alphonso[1] Waters and Sondi Moore-Waters (collectively, "the Tenants") rented a house owned by Charles and Andrea Smith. After a dispute arose over missed lease payments, Charles Smith ("the Landlord") filed an action against the Tenants seeking possession and monetary damages. The Tenants now appeal from the grant of summary judgment to the Landlord, contending that the trial court erred by (1) granting summary judgment in a dispossessory action, (2) considering amendments to the dispossessory affidavit without verification, (3) failing to consider the Tenants'

---

[1] Waters signed the lease as "Alphonson Waters," but his name is spelled as "Alphonso" on pleadings throughout the record. For consistency, we use the spelling as it appears in the pleadings.

legal arguments due to their lack of response to the summary judgment motion, and (4) awarding rent not due at the time the action was commenced. Finding no error, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

So viewed, the record shows that in November 2015, the parties entered into a one-year residential lease agreement for a luxury home. The terms included monthly rent of $3,380, a $1,000 daily holdover rate beyond the one-year term, a clause stating that the lease did not automatically renew,[3] and a 60-day early-termination notice requirement. It is undisputed that the parties mutually elected to renew the lease each year from the initial November 2016 expiration through a final expiration at the end

---

[2] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[3] The lease boilerplate stated that the lease would automatically renew, but a special stipulation to the lease, which controls if it conflicts with other terms, stated that "[t]here is no renewal for this lease."

of November 2020.[4] In July 2020, the Tenants requested a renewal term for two years, which the Landlord declined, so the Tenants provided a written notice that they would not renew the lease that fall, promising to vacate the residence by the end of September 2020.

As of the first week of August 2020, the Tenants had not paid their August rent, which was due on August 1, and the Landlord sent a demand letter for unpaid rent. The demand also asserted that the early-termination payment (amounting to the final three months of rent) would be due by the end of September 2020. Thereafter, the Tenants failed to pay rent, changed the locks and security system, and denied access to the Landlord.[5]

On August 7, 2020, the Landlord filed the present action seeking possession of the premises, past due rent for August 2020, and rent accruing up to the date of judgment at the applicable monthly rate of $4,000, and other monetary damages. The

---

[4] The monthly rent increased to $4,000.

[5] This is taken from an affidavit by the Landlord that has not been contradicted by evidence from the Tenants. See generally OCGA § 9-11-56 (e) ("When a motion for summary judgment is made and supported [by affidavit] as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial.").

Tenants filed an unverified answer denying the affidavit's allegations and asserting a counterclaim for trespass.[6]

Two months later, the Landlord filed an amended complaint more explicitly seeking damages under the lease's acceleration clause for the months of September, October, and November 2020. Based on the amount of damages sought, the case was transferred to state court, where the Landlord moved for summary judgment in February 2021. The Tenants requested oral argument on the summary judgment motion, but they did not otherwise file a response.

Before any dispossessory order issued, the Tenants vacated the premises in December 2021.[7] Following a summary judgment hearing in which the Tenants presented no evidence,[8] the trial court entered an order granting the Landlord's

---

[6] The Tenants later amended their counterclaim to add other parties, including Andrea Smith and a real estate agent, and add claims for wrongful eviction and conversion.

[7] In July 2022, the state court sua sponte transferred the case to superior court due to a question of equity raised by the answer.

[8] See generally *Vincent v. Bunch*, 227 Ga. App. 480 (1) (489 SE2d 592) (1997) (holding that a party who fails to respond to a summary judgment motion waives the right to present evidence, but not the right to argue, at a requested summary judgment hearing).

summary judgment motion as to his claims and against the Tenants' counterclaims. The order specified monetary damages as follows: $278,000 in past due rent through August 2021; $32,478.48 in interest on past due rent through November 2022; $2,000 in late fees; $750 in denial of access fees; $660 in re-key and security service fees; and $27,825 in attorney fees pursuant to the lease and OCGA § 13-1-11 (a) (2). The Tenants filed this appeal.

1. The Tenants first argue that the trial court is unauthorized to grant summary judgment in a dispossessory action. But pretermitting whether there is any merit to this contention,[9] they waived it by participating in the summary judgment hearing without objecting to the proceeding.[10]

---

[9] The sole case the Tenants cite, *Davita, Inc. v. Othman*, 270 Ga. App. 93, 95-96 (1) (606 SE2d 112) (2004), addresses only the scope of a state court's jurisdiction in dispossessory actions, and it makes no mention of the summary judgment procedure or the proposition urged by the Tenants.

[10] See *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002) ("[O]ur appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court. . . . If the rule were otherwise, a party opposing a motion for summary judgment need not raise any legal issue, spend the next year thinking up and researching additional issues for the appellate court to address, and require the opposing party to address those issues within the narrow [20-day] time frame of appellate practice rules.") (citations omitted); *Pferrman v. BPS of Tifton, Inc.*, 364 Ga. App. 624, 629 (2) (876 SE2d 6) (2022) ("It is axiomatic that issues presented for the

2. Next, the Tenants argue that the trial court erred by considering amendments to the initial dispossessory affidavit despite the lack of affidavits verifying the amendments. This argument fails.

The Landlord initiated this action by filing a verified dispossessory complaint alleging that the Tenants were in possession of the residence, and they were in default of the lease for failure to pay rent. The complaint was filed using a form provided by the magistrate court containing an electronically signed affidavit stating that "I do hereby swear or affirm that the statements set forth in the above pleading(s) are true and correct."[11] The complaint explicitly sought past due rent of $4,000, future monthly rent at the rate of $4,000 up to the date of vacancy, late fees, and $13,230 in damages for early termination of the lease.

---

first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken.") (punctuation omitted).

[11] The Tenants do not challenge the validity of the affidavit itself. See generally OCGA § 44-7-50 (a) ("If the tenant refuses or fails to deliver possession when so demanded, the owner . . . may immediately go before . . . a magistrate in the district where the land lies and make an affidavit under oath to the facts. Such affidavit may likewise be made before a notary public.").

That initial complaint incorrectly listed the address of the property as "2720 Veltre Terrance [sic] SW," so the Landlord filed an amended complaint four days later on the same form correctly identifying the property as "2720 Veltre Terrace SW," including the same allegations and damages, and including an affidavit under oath verifying its contents. After obtaining counsel, the Landlord filed a final amended complaint, styled "First Amended Complaint," that updated the accelerated amount due as in excess of $18,300. That pleading did not have an attached affidavit.

The Tenants argue on appeal that the Landlord "amended their Dispossessory Affidavit twice and failed to verify under oath both amendments." But as summarized above, the record belies this contention and shows that the initial two dispossessory complaints were verified before the magistrate court, and both of those complaints alleged default and nonpayment of rent due under the lease, the amount outstanding rent then due, and the amount of monthly accruing rent sought by the Landlord until vacancy. The Tenants have not demonstrated any deficiency in these pleadings, which were sufficient to initiate the present action and sustain the summary judgment motion.[12] Thus, their argument about amended affidavits fails.

[12] See generally OCGA § 44-7-51 (a) ("When the affidavit provided for in Code Section 44-7-50 is made, the judge of the superior court, the state court, or any other

7

3. The Tenants also argue that the trial court erred by failing to consider their legal arguments at the hearing because they failed to respond to the summary judgment motion. Again, this mischaracterizes the hearing transcript, which shows that the Tenants presented ample legal argument, including successfully arguing at the outset that they were entitled to make legal arguments in their defense without submitting evidence. The trial court allowed the Tenants to present their legal argument, and explicitly considered it, inviting the Landlord to respond: "What do you say to that? In other words, [the Tenants' counsel] is making legal argument, and he's saying there's no need to present evidence to support these legal arguments?" The trial court even complimented both counsel at the conclusion of the hearing, stating it was "well argued." Last, the order granting summary judgment explicitly noted the lack of genuine issues of material fact in the record, not a "default," as argued by the Tenants. Thus, this enumeration is without merit.

4. Finally, the Tenants argue that the trial court was unauthorized to award rent that was not due at the time the dispossessory proceeding was filed. But under OCGA

court with jurisdiction over the subject matter or the judge, clerk, or deputy clerk of the magistrate court shall grant and issue a summons to the sheriff or his deputy or to any lawful constable of the county where the land is located.").

§ 44-7-55 (a), applicable to dispossessory proceedings, "[i]f, on the trial of the case, the judgment is against the tenant, judgment shall be entered against the tenant for all rents due *and for any other claim relating to the dispute*."[13] Based on this, the landlord "was clearly authorized to sue for any contractual liability relating to the termination of the lease."[14]

Here, as noted above, the verified dispossessory complaint explicitly sought "[r]ent accruing up to the date of the judgment of vacancy at the rate of $4,000 per month." This claim was supported by uncontroverted evidence that the Tenants had failed to pay rent after the July 2020 payment and that they had remained in the house until December 2021.[15] The Tenants' contractual liability for the accrual of rent and

---

[13] (Emphasis supplied.)

[14] (Punctuation omitted.) *Twin Tower Joint Venture v. American Marketing & Communications Corp.*, 166 Ga. App. 364, 365 (1) (304 SE2d 493) (1983). See also *Atlanta J's v. Houston Foods*, 237 Ga. App. 415, 419 (3) (514 SE2d 216) (1999) ("The statute intends for all related claims between the landlord and the tenant to be determinable in the dispossessory proceeding.") (quoting id.), overruled on other grounds as stated by *Smith v. Bell*, 346 Ga. App. 152, 156 (816 SE2d 698) (2018). We note that the case was transferred from the magistrate court to avoid any jurisdictional issues raised by the complaint or answer.

[15] Cf. *Price v. Age*, 194 Ga. App. 141, 144-145 (3) (390 SE2d 242) (1990) (distinguishing *Nickerson v. Candler Bldg.*, 156 Ga. App. 396, 399-400 (5) (274 SE2d 582) (1980), which held in part that a default judgment cannot include an award not

holdover payments was proved and supported by the Landlord's summary judgment affidavit, and the terms of the lease explicitly provided for such recovery, including an accelerated rent provision in the event of default. Based on this record, including the summary judgment motion and uncontroverted supporting evidence, this argument fails.

*Judgment affirmed. Markle and Padgett, JJ., concur.*

---

proved by the pleadings).